UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KATHERN STORKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:13CV00350 AGF |
| ) | |
| JP MORGAN CHASE BANK, N.A., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff Kathern Storkson brings this suit against Defendant JPMorgan Chase Bank, N.A., asserting claims of conversion, unjust enrichment, and fraudulent misrepresentation, all stemming from Defendant's alleged unauthorized deposit into its bank account of a 2011 insurance check in the amount of $25,789.62.  Now before the Court is Defendant's motion to dismiss Plaintiff's fraudulent misrepresentation claim, pursuant to Federal Rule of Civil Procedure 9(b), for failure to plead fraud with sufficient particularity.  For the reasons set forth below, this motion will be denied.

## BACKGROUND

Plaintiff filed her complaint in state court, from where it was removed to this Court on February 22, 2013.  In her complaint, Plaintiff alleges that on February 3, 2011, after a fire at her home, she filed a claim with her insurance company for damages she sustained.  Thereafter, she received a check from her insurance company for $25,789.62 in damages.  The insurance company issued the check in the name of both Plaintiff and

Chase Home Finance, Plaintiff's home loan servicer and an alleged subsidiary of Defendant.  After receiving the check, Plaintiff alleges that she contacted Defendant and was informed that Defendant had no interest in the insurance proceeds, because "the loan had ended and the debt had been charged off and sent to collections." (Doc. No. 5, Compl. ¶ 11.)  Plaintiff alleges that on March 9, 2011, she mailed the check to Defendant, believing that Defendant would endorse the check and send it back to her, but instead Defendant cashed the check on April 1, 2011.  Plaintiff claims that she did not endorse the check and that Defendant forged her signature in order to deposit the $25,789.62 into its own bank account.  In her first two claims, Plaintiff asserts that Defendant, in depositing the check, fraudulently converted her personal property and thereby received unjust enrichment

In her third claim, Plaintiff alleges that Defendant knowingly made false and material representations to Plaintiff regarding its interest in the insurance check, that Defendant did so with the intent that Plaintiff would send the insurance check to Defendant, and that Plaintiff was ignorant as to the falsity of Defendant's representations, had a right to rely upon the statements, and did so to her detriment.  Plaintiff seeks actual damages in the amount of the check plus interest, and punitive damages.

In support of its motion to dismiss Plaintiff's fraudulent misrepresentation claim, Defendant argues that under the heightened pleading standard for claims of fraudulent misrepresentation, the complaint does not contain enough particularity, and thus must be dismissed under Federal Rule of Civil Procedure 9(b).  Defendant argues that Plaintiff did

2

not identify any specific misrepresentations, when those misrepresentations were made, or the identity of who made the misrepresentations. Defendant further argues that Plaintiff did not provide details regarding her reliance or what she would have done differently. Plaintiff has not responded to this motion.

## DISCUSSION

On a motion to dismiss, the Court accepts as true the factual allegations contained in the complaint and grants the plaintiff the benefit of all reasonable inferences that can be drawn from those allegations. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-72 (8th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility, "'when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.'" *Cox v. Mortg. Elec. Registration Sys., Inc*., 685 F.3d 663, 668 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).

Under Missouri law the elements of fraudulent misrepresentation are:

"1) a representation; 2) its falsity; 3) its materiality; 4) the speaker's knowledge of its falsity or ignorance of its truth; 5) the speaker's intent that it should be acted on by the person in the manner reasonably contemplated; 6) the hearer's ignorance of the falsity of the representation; 7) the hearer's

3

reliance on the representation being true; 8) the hearer's right to rely thereon; and, 9) the hearer's consequent and proximately caused injury."

*Pace v. Wells Fargo Bank, N.A.*, No. 4:11-CV-489 CAS, 2012 WL 3705088, at *9 (E.D. Mo. Aug. 27, 2012) (quoting *Renaissance Leasing, LLC v. Vermeer Mfg. Corp.*, 322 S.W.3d 112, 131–32 (Mo. 2010)).

Federal Rule of Civil Procedure 9(b) provides that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." This particularity requirement demands "'a higher degree of notice than that required for other claims.'" *B.F v. Abbott Labs., Inc.*, No. 4:12-CV-1760 CAS, 2013 WL 1729381, at *1 (E.D. Mo. Apr. 22, 2013) (quoting *United States ex rel. Costner v. URS Consultants, Inc.*, 317 F.3d 883, 888 (8th Cir. 2003)). To fulfill Rule 9(b)'s particularity requirement, "the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *United States ex rel. Raynor v. Nat'l Rural Utils. Coop. Fin. Corp.*, 690 F.3d 951, 955 (8th Cir. 2012) (citation omitted).

The issue here is not whether Plaintiff will prevail on her claim of fraudulent misrepresentation, but rather whether she will be allowed to present evidence in support of this claim. Construing the facts as pleaded in a light most favorable to Plaintiff, a review of the fraudulent misrepresentation claim shows that it satisfies Rule 9(b)'s requirements. The details in the complaint contain the contents of the alleged

4

misrepresentation, the parties involved, the relevant timeframe during which the events occurred, and Plaintiff's reliance. The specific identity of employees who made the alleged misrepresentations can be determined upon discovery. *See, e.g., Scanio v. Zale Delaware, Inc.*, No. 4:12CV37 CDP, 2012 WL 368741 (E.D. Mo. Feb. 3, 2012); *see also Toben v. Bridgestone Retail Operations LLC*, No. 4:11-CV-1834 CEJ, 2012 WL 3548055 (E.D. Mo. Aug. 16, 2012).

Plaintiff will not be permitted to recover duplicative damages, but she may proceed on her three theories for relief.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss Plaintiff's claim for fraudulent misrepresentation is **DENIED**. (Doc. No. 11.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 8th day of July, 2013.

5